UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA VILLANUEVA BARAJAS,<br><br>    Petitioner,<br><br>    v.<br><br>LORETTA E. LYNCH, et al.,<br><br>    Respondents. | Case No.: 1:16-cv-00985-JLT<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED<br><br>ORDER DIRECTING THE CLERK OF COURT TO SERVE DOCUMENTS ON RESPONDENT |

Petitioner is detained by the United States Department of Homeland Security and is proceeding with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

**DISCUSSION**

A. <u>Detention and Bond Hearing</u>

Petitioner alleges that she has been in DHS custody since October 2015. (Doc. 1, p. 4) It appears that Petitioner is a citizen of Mexico who last entered the United States in October 2015. Petitioner appears to allege that she is subject to a final order of removal that is presently on appeal to the Ninth Circuit.

Pursuant to 28 U.S.C. § 2241, relief by way of a writ of habeas corpus extends "to a Department of Homeland Security detainee who is 'in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2241(c)(3)." <u>Rianto v. Holder</u>, No. CIV 11–00137 PHX FJM (MEA), 2011 WL 3489623, at *2 (D.Ariz. May 25, 2011). See also <u>Maleng v. Cook</u>, 490 U.S.

488, 490 (1989). This Court has subject matter jurisdiction over the instant petition pursuant to § 2241 because Petitioner is in custody under the authority of the United States and claims that her mandatory detention without an individualized bond hearing is not statutorily authorized and that she is being detained in violation of her federal right to due process. Despite the dwindling jurisdiction of the federal district courts in immigration matters, the Supreme Court has explicitly recognized the continued jurisdiction of the courts where, as here, continued detention without due process raises constitutional concerns.  Demore v. Kim, 538 U.S. 510, 517 (2003).  In Demore, the Supreme Court held that 8 U.S.C. § 1226(e) contains no explicit provision barring habeas review under § 1226(c), and that "its clear text does not bar respondent's constitutional challenge to the legislation authorizing his detention without bail."  Id.  Petitioner seeks relief in the form of either release upon an order of supervision or bail of up to $1,500, both of which are expressly provided for in 8 U.S.C. § 1226(a)(2)(A) and (B).  Hence, the Court will assume, for screening purposes, that Petitioner is proceeding under this statute.

Venue is proper in the Eastern District of California under 28 U.S.C. § 1391(e) because respondents are officers or employees of the United States or an agency thereof acting in their official capacity or under color of legal authority, and Petitioner resides in this district, specifically in the Mesa Verde Detention Facility, Bakersfield, California.

Because Petitioner may be entitled to relief if the claimed violations are proved, Respondent is order to show cause why the Petition should not be granted.  Rule 4, Rules Governing Section 2254 Cases; see Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P. 81(a)(2). Respondent **SHALL** include a copy of Petitioner's Alien File and any and all other documentation relevant to the determination of the issues raised in the petition. Rule 5 of the Rules Governing Section 2254 Cases.  In the event the Petitioner is released from DHS custody during the pendency of this Petition, the parties **SHALL** notify the Court by filing a motion to dismiss the petition or other proper pleading.  Should the parties fail to notify the Court that Petitioner has been released the parties may be subject to sanctions pursuant to the inherent power of the Court to issue sanctions in appropriate cases. See Local Rule 110.

///

B.  Appointment of Counsel

Concurrent with the filing of the petition, Petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings.  See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984).  However, Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Rules Governing Section 2254 Cases.  In the present case, the Court does not find that the interests of justice require the appointment of counsel at the present time and, hence, Petitioner's motion is **DENIED**.

C.  Stay of Removal Proceedings

Petitioner has also requested a stay of removal "pending review by this court." (Doc. 1, p. 4) As mentioned earlier, this Court has no jurisdiction over the removal proceedings, and, in any event, the matter is presently under review by the Ninth Circuit, whose decisions are binding on this Court. Moreover, whether Petitioner's final order of removal is eventually set aside by the Ninth Circuit is independent of whether Petitioner's continued detention without a bond hearing is lawful. Presumably, the purpose of any stay of removal would be to permit the resolution of the issues in the instant petition.  However, Ninth Circuit reversal of the final order of removal would necessitate Petitioner's release, while affirmance of the final order of removal would legally alter Petitioner's status vis-à-vis her ongoing detention, thus making any stay of removal inappropriate.  Accordingly, the Court **DENIES** Petitioner's motion for a stay of removal at this time. Thus, the Court **ORDERS**:

1. Within 45 days, Respondent **SHALL** show cause why the petition should not be granted.  Petitioner may file a traverse within 10 days thereafter;
2. The Clerk of the Court is **DIRECTED** to serve a copy of the petition for writ of habeas corpus on the United States Attorney;
3. Petitioner's motion for appointment of counsel is **DENIED** without prejudice;
4. Petitioner's motion for stay of removal proceedings is **DENIED** without prejudice.

The Court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(h).  As such, the matter will be taken under submission following the filing of Petitioner's traverse or the expiration of the time for filing the traverse.  All other briefing in

1  this action is suspended.

3  IT IS SO ORDERED.

4     Dated:   **July 12, 2016**                      **/s/ Jennifer L. Thurston**
5                                                       UNITED STATES MAGISTRATE JUDGE