UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVIA VILLANUEVA BARAJAS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>LORETTA E. LYNCH, et al.,<br><br>　　　　Respondents. | Case No.: 1:16-cv-00985-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br><br>[TWENTY-ONE DAY OBJECTION PERIOD] |

Petitioner was formerly a detainee of the United States Department of Homeland Security. She filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 27, 2016, challenging her indefinite detention. On August 29, 2016, Respondent filed a motion to dismiss the petition as moot, claiming Petitioner was no longer in custody and had been removed to Mexico. The Court agrees and will recommend the motion be granted and the petition be dismissed.

**DISCUSSION**

I.　Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on the contention that the petition and its claims are moot.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.   Mootness

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481 (1982).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them."  North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam) (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937)).

The instant petition requests immediate release from indefinite detention.  Respondent submits that Petitioner was removed to Mexico on August 26, 2016.  As proof, Respondent has provided a copy of Form I-205, Warrant of Removal/Deportation, which shows Petitioner was removed on August 26, 2016.  (Doc. No. 12, Ex. B.)  Because there is no further relief that this Court can provide to Petitioner, the petition is now moot.  Hence, Respondent's motion to dismiss should be granted.

///

**ORDER**

Accordingly, the Clerk of Court is DIRECTED to assign a district judge to this case.

**RECOMMENDATION**

Accordingly, the Court **RECOMMENDS** that:

1. Respondent's Motion to Dismiss (Doc. No. 12), be **GRANTED**;

2. The Petition for Writ of Habeas Corpus (Doc. 1), be **DISMISSED** as moot; and

3. The Clerk of Court be **DIRECTED** to enter judgment.

This Findings and Recommendations is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 17, 2016**              **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE